# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA P. GOODSPEED, <br><br> Defendant. | Case No. 21-00173-01-CR-W-BCW |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Teresa A. Moore, United States Attorney, and Catherine A. Connelly, Assistant United States Attorney, and respectfully offers the Court the following background, points, authorities, and arguments in the above-captioned matter. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully recommends that the defendant, Joshua P. Goodspeed, be sentenced to 240 months' imprisonment, to be followed by a life-term of supervised release. The Government also asks the Court to impose the $100 Special Assessment on counts 1, 3, and 4 under 18 U.S.C. § 3013, consider imposition of a separate Special Assessment of $5,000 under 18 U.S.C. § 3014 and an additional assessment of not more than $50,000 under 18 U.S.C. § 2259A(a)(3).

## I. BACKGROUND

On October 5, 2021, a federal grand jury returned a Superseding Indictment charging Goodspeed with conspiracy to produce child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count 1), and attempted distribution and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (4) (Counts 3 and 4). (D.E. 22.) On March 9, 2023, without benefit

of a written plea agreement, Goodspeed pled guilty to counts 1, 3, and 4 of the Superseding Indictment. (D.E. 32.)

In the subsequent Presentence Investigation Report (PSR)[1] Goodspeed's advisory Guidelines range was calculated as 360 months to life imprisonment and a criminal history category of I. (PSR ¶¶ 109-110.) The PSR's calculation includes a 2-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. (PSR ¶ 62.) Goodspeed has objected to the application of this enhancement. (*See* PSR Adden.) For the reasons noted in the Probation Officer's Response, the government supports application of the enhancement. *Id*. Should the Court sustain Goodspeed's objection, the Guidelines range would be 262 to 327 months based on a total offense level of 40 and a criminal history category of I. The PSR also notes that participation in substance abuse counselling may be appropriate as a special condition of supervision. Goodspeed has objected to imposition of the special condition. (*See* PSR Adden.) For the reasons noted in the Probation Officer's Response, the government supports imposition of the condition. *Id*. Goodspeed had no objections to the PSR's description of the offense conduct.

## II. GOVERNMENT'S SENTENCING RECOMMENDATIONS

In fashioning a sentence, the Court is required to consider the nature and circumstances of the offense of conviction, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court must also examine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(2), (A) and (C). Finally, the Court is also required to consider the advisory sentencing range recommended by the United

---

[1] PSR will refer to paragraphs of the final Presentence Investigation Report (D.E. 56) which were not objected to by Goodspeed, unless otherwise noted.

States Sentencing Guidelines. 18 U.S.C §§ 3553(a)(3) and (a)(4). All of these factors support a sentence of 240 months, to be followed by a life term of supervised release.

In his sentencing memorandum (D.E.53) Goodspeed has requested a sentence of 180 months, a sentence even further below the recommended Guidelines than proposed by the Government. While the Government acknowledges that it is possible for the purposes of 18 U.S.C. § 3553(a) (Imposition of a Sentence) and the interests of justice to be served by a sentence below the recommended Guidelines, a period of incarceration lower than that suggested in this memorandum is not warranted in this particular case.

**A.      § 3553(a)(1): The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The PSR summarizes in detail Goodspeed's conduct that resulted in his pleas of guilty to the three counts he is charged with in the superseding indictment (PSR, ¶¶ 2-37.) The facts as summarized are uncontested by Goodspeed and in the interest of judicial economy, the Government will not fully restate them.

The nature and circumstances of Goodspeed's offenses are abhorrent. He used his two adopted daughters, aged 4 and 10, to produce child pornography in their home. In some of the images, genitals were lasciviously exhibited. In others, the girls were naked with their buttocks exposed. Goodspeed further exploited the girls when during his travels he recorded himself masturbating and ejaculating while viewing the images. These images, he forwarded to his co-defendant, Jennifer Goodspeed. All of this, the defendant did for his own gratification.

Goodspeed's conduct reflects his sexual interest in minor children. His conduct was calculated and done simply to satisfy his depraved sexual needs. The nature and circumstances of the offenses reflect a pattern of activity which was deliberate and chronic. He has demonstrated that he deserves no less than a 240-month sentence.

3

**B.     3553(a)(2) The Need for the Sentence Imposed to – Reflect Seriousness of the Offense, Provide Just Punishment, and Promote Respect for the Law; Promote Adequate Deterrence; and Protect the Public from Further Crimes of the Defendant**

Goodspeed has admitted to conspiracy to produce child pornography pursuant to 18 U.S.C. § 2251(e) as well as receipt and possession of child pornography.

The facts set out in the PSR demonstrate Goodspeed's sexual attraction to minors. The images he prizes demonstrate a depraved affinity for children and memorialize the exploitation of minors to specifically feed the desires of persons like Goodspeed who crave portrayals of the victimization of children.

The Supreme Court has noted the following about the seriousness of child pornography offenses and the additional harm wrought upon victims by the dissemination of their images over the Internet:

> Three decades ago, this Court observed that "the exploitive use of children in the production of pornography has become a serious national problem." *New York v. Ferber*, 458 U.S. 747, 749, 102 S.Ct. 3348, 73 L.Ed.2d 113 (1982). The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 759, 102 S.Ct. 3348. Because child pornography is now traded with ease on the Internet, "the number of still images and videos memorializing the sexual assault and other sexual exploitation of children, many very young in age, has grown exponentially." United States Sentencing Comm'n, P. Saris et al., Federal Child Pornography Offenses 3 (2012) . . .

*Paroline v. United States*, 134 S.Ct. 1710, 1716-17 (2014). As the Supreme Court has recognized for decades, offenses such as Goodspeed's are serious. Just punishment should also be serious.

A sentence of 240 months is what is needed to reflect the seriousness of the offense and all of the attendant relevant conduct by Goodspeed which is known to the court and set out in the PSR. This sentence is a just sentence that will command respect for the law.

4

To the extent that defendants like Goodspeed pay attention to sentences in the criminal justice system, the specter of the imposition of the requested 240-month sentence for the production and relentless consumption of child pornography, should act as a deterrent to others contemplating similar conduct. As evidenced from the information set forth in the PSR, the defendant is sexually interested in minors and is willing to exploit minors to satisfy his deviant sexual desires. (PSR ¶ 2-37.) The 240-month sentence followed by a life term of supervised release will specifically deter this defendant from committing crimes against additional victims.

One can be relatively certain that Goodspeed will be deterred from committing additional child exploitation offenses while he is incarcerated, so a significant sentence will protect the public for at least that period of time.[2]

One recent meta-analysis of 10 studies with 944 adult males who were treated in institutional or community settings for illegal sexual behaviors concluded that more randomized studies were needed to accurately assess the effectiveness of psychological interventions (such as sex offender treatment.)[3] The study did conclude, however, that current evidence does not support the belief that once an individual has been treated their risk for reoffending is reduced.

A well-respected researcher into questions of sexual recidivism, Dr. Karl Hanson, has stated in a review of multiple studies:

> Sexual interest in children was a significant predictor of sexual recidivism. . . . Those individuals with identifiable interests in deviant sexual activities were among those most likely to continue sexual offending. **The evidence**

---

[2]The Government argues "relative" certainty because this office has prosecuted defendants who have obtained child pornography in prison, in a halfway house, and as registered sex offenders on supervised release.
[3]J.A. Dennis, O.Khan & M. Ferriter, N Huband, M.J. Powney & C. Duggan, *Psychological Interventions for Adults who have Sexually Offended or are At Risk of Offending*, 12 Cochrane Database Syst Rev CD007507 (2012).

5

> **was strongest for sexual interest in children and for general paraphilias (e.g., exhibitionism, voyeurism, cross-dressing).** (Emphasis added)[4]

For the reasons noted above, Goodspeed is a person from whom the community needs a significant sentence to enforce personal safety and protection.

In addition to a 240-month sentence the government is seeking imposition of a life term of supervised release. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Supervised release is not a punishment in lieu of incarceration. *United States v. Granderson*, 511 U.S. 39, 50 (1994). If being on supervised release were the punitive equivalent of being in prison, if it served the just deserts function as well, there would be no need to put most criminals in prison we could put them on supervised release instead. *United States v. Irey*, 612 F.3d 1160, 1210 (11th Cir. 2010). The life term recommendation contained in Section 5D12(b) reflects powerful evidence indicating that recidivism rates for sex offenders do not appreciably decline as offenders age. *See* H.R. Rep. No. 107-527, at 2 (2002) (discussing the merits of a life term of supervised release for sexual offenders). Because, in sex crimes cases, there is no reason to believe that the need for supervision inherently decreases with time, Congress found lifetime supervised release to be appropriate and directly inserted such a recommendation into the Guidelines. *Id.* More specifically, passage of 18 U.S.C. §3583(k) recognized the long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison. Many

---

[4]Hanson, Karl & Morton-Bourgon, Kelly, *Predictors of Sexual Recidivism: An Updated Meta-Analysis*, (2004) pp. 9, 15.

6

of these offenders need long term or lifetime monitoring and oversight. H.R. Conf. Rep. No. 108-66, at 49-50 (2003), *reprinted* in 2003 U.S.C.C.A.N. 683, 684.

In his sentencing memorandum the defendant has proposed several mitigating factors in support of his request for a lenient sentence including his employment and criminal history. The Government has considered each of these factors, to the extent they are relevant, in requesting a 240-month sentence.

Further consideration of Goodspeed's suggested mitigating factors as a basis for a sentence less than that requested by the Government is not warranted given the circumstances of his conduct in this case.

The Government's recommended sentence of 240 months, to be followed by a life-term of supervised release, is sufficient but not greater than necessary to serve the purposes of sentencing pursuant to § 3553(a). Such a sentence will specifically deter this defendant and, to the extent that other sexual deviants similarly situated as Goodspeed pay attention to sentences in the criminal justice system, the imposition of such a sentence for the instant offense should act as a general deterrent to similar behavior. A more lenient sentence should not be granted.

### III. **CONCLUSION**

The defendant's crime of conviction demonstrates his sexual desire for children and his willingness to engage in crimes furthering the sexual victimization of those children. A sentence of 240 months would reflect the seriousness of the offense, promote respect for the law and provide just punishment. Further, a sentence of this length will protect the public, particularly children, from future crimes committed by this defendant. Upon a lengthy and extensive review of any, and all, applicable provisions of the statutes and the facts and circumstances of this case, there exists no basis for further downward departure or downward variance, or a consideration of 3553(a) factors that would justify a sentence below the term requested by the Government. The defendant

deserves and has earned a sentence of 240 months to be followed by a life-term of supervised release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/Catherine A. Connelly*

Catherine A. Connelly
Assistant United States Attorneys
Charles Evans Whittaker Courthouse
400 E. Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on July 20, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Catherine A. Connelly*
Catherine A. Connelly
Assistant United States Attorney